**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:26-cv-04205-JAK-KES Date: July 29, 2026

Title: JUAN D'JESUS CRUZ v. WARDEN OF ADELANTO, et al

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENTS: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):** **Order Referring Case to the Federal Public Defender to Consider Appointment of Counsel**

Juan D'Jesus Cruz ("Petitioner"), an immigration detainee who is proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ("Petition" at Dkt. 1.)

There is no absolute right to appointment of counsel in habeas proceedings. Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Appointment of counsel may be authorized at any stage of the proceedings, however, for any "financially eligible" person if "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2). The decision of whether to appoint counsel in a habeas proceeding turns on the petitioners' ability to articulate their claims pro se in light of the complexity of the legal issues involved and their likelihood of success on the merits. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, the Weygandt factors sufficiently support the appointment of counsel to represent Petitioner, and Petitioner appears to be financially eligible. The office of the Federal Public Defender for the Central District of California ("FPD") has indicated that it will review requests for appointment of counsel to represent pro se petitioners in immigration-related habeas corpus proceedings such as this one. Accordingly, the Court **REFERS** this case to the FPD for consideration of appointment of counsel for Petitioner. The FPD is **ORDERED** to file a response within **seven (7) days** of this order issuing, indicating whether the FPD will represent Petitioner in this matter, decline representation in this matter, or recommend appointment of CJA

counsel. This obligation shall be satisfied if the FPD files a notice of appearance in this case.

If the counsel appears for Petitioner, the Reply deadline shall remain 14 days after the Answer is filed, per General Order 26-05. Counsel may move for an extension of time to file a Reply or for leave to amend the Petition.

**IT IS SO ORDERED**.

cc: FPD [ATTN: Jonathan_Aminoff@fd.org; cac_appointments@fd.org]

Initials of Deputy Clerk jd